## CHARLES R. KENNEDY *v.* HENRY KLOPPENBERG.

Where the judgment of the court decrees that the plaintiff is the owner of a thing, and orders defendant to deliver it, or in default thereof pay a certain sum, the defendant has not the option of keeping the thing or paying the sum. The plaintiff may seize the thing on execution, if it can be found.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Michel* and *Burns*, for plaintiff. *Upton*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiff sues the defendant for two iron kettles, and in default of delivering the same, to pay him their value, which he estimates at five hundred dollars. He proved satisfactorily that they belonged to him, and the district court condemned the defendant to deliver them to him, and in default thereof, to pay him one hundred dollars, at which he fixed their value.

The plaintiff has appealed, on the ground that the kettles are of a greater value, and that, under the alternative judgment, if the defendant should refuse to deliver them to him he could recover only the sum of one hundred dollars.

The judgment by no means divests the plaintiff of his property, which was lying in the defendant's corridor when the judgment was rendered. He can take it by execution wherever he finds it. And any disposition of it by the defendant, so as to render the recovery more difficult or onerous, would give rise to damages.

If from any cause it should be impossible to deliver the property, we think the court fixed upon it a fair value, according to the evidence. They were old kettles, belonging to a tallow factory of the plaintiff, in the city of Lafayette, which being broken up, they were apparently abandoned on the lot. One *Ritchie* bought the lot, and conceiving that he bought the kettles with it, sold them to *Caton* for twenty dollars. *Caton* sold them to the defendant for thirty-seven dollars fifty cents. The defendant brought them to New Orleans, and offered to sell them to *Barnes*, a tallow-chandler, but who would give nothing for them, because he did not consider them of any use.

*Sporing Thompson* and *St. Ceran* say that the kettles are worth a cent a pound for old iron, and do not know that they could be used for any other purpose. They would weigh three or four thousand pounds.

*Hall* says they are worth four or five hundred dollars to a person having use for them; but he does not show that the plaintiff or any one else has use for them. It is true, he says, absolutely, they are worth four cents a pound. On the supposition that they weigh three thousand pounds, his valuation exceeds that of the district judge but by twenty dollars.

There is not the slightest reason to believe that the defendant acted in bad faith, or even without sufficient caution in purchasing and removing the property; and any trouble it may cause to the plaintiff results from his leaving his property in an abanndoned situation on another person's lot.

We see no sufficient reason to reverse the judgment of the district court, and it is affirmed: the appellant to pay the costs of this appeal.